IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SQ'EEDU MASSAQUOI,** | : | **CIVIL NO. 1:11-CV-01563** |
| Petitioner | : | (Judge Rambo) |
| v. | : | |
| **JEFFREY THOMAS,** | : | |
| Respondent | : | |

# **M E M O R A N D U M**

Petitioner Sa'eedu Massaquoi, an inmate presently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) In the petition, Petitioner claims that the Bureau of Prisons ("BOP") lacks the authority to set a payment schedule for his court-ordered restitution through its Inmate Financial Responsibility Program ("IFRP"). For the reasons set forth below, the petition will be transferred to the United States District Court for the Eastern District of Pennsylvania.

## I. Background

Petitioner was convicted in the United States District Court for the Eastern District of Pennsylvania on charges of Conspiracy, Armed Bank Robbery, Use of a

Firearm During a Violent Crime, Brandishing a Firearm During a Violent Crime, and Car Jacking. (Doc. 6-1 at 2 ¶ 2.)  As a result, he is serving a term of imprisonment of 646 months.  (*Id.*)  His current release date is May 16, 2046, via good conduct time release.  (*Id.*)

In addition to the term of imprisonment, the Eastern District Court ordered Petitioner to pay a $900.00 assessment and $195,809.90 in restitution.  (*Id.* ¶ 3.)  In its judgment, the sentencing court indicated that "[p]ayment of the total fine and other criminal monetary penalties shall be due . . . in full immediately."  (*Id.* at 3 ¶ 4.)  However, the sentencing court also included in its judgment the following special instruction regarding the payment of Petitioner's criminal penalties: "The defendant is required to make payments on account of these obligations to the extent of at least 50% of his prison earnings.  The court ordered that restitution be paid first to the citizen victims, and second to the banks from which the money was stolen."  (*Id.*)

In the response to the instant petition, Respondent asserts that upon investigation into the allegations in Petitioner's petition, prison officials discovered that the BOP had erred in determining that the sentencing court had ordered Petitioner's payments be due "immediately" without taking into account the special instruction which the court also provided.  (Doc. 6 at 4.)

Further, according to Respondent, Petitioner has a history of appropriately and consistently complying with the BOP's IFRP program since January 7, 2010. (Doc. 6-1 at 3 ¶ 6.)  In April 2012, Petitioner was presented with a copy of an "Inmate Financial Plan" requiring a quarterly payment of $35.00.  (*Id*.)  Petitioner agreed to this plan and signed the contract on April 10, 2012.  (*Id*.)  However, with the recent discovery of staff error in not following the sentencing court's special instruction, Petitioner's Unit Team at USP-Lewisburg presented Petitioner with a revised IFRP contract.  (*Id*. ¶ 7.)  Based on a review of his account transactions, the revised quarterly payment was determined to be $104.00.  (*Id*.)  Petitioner refused to sign the revised contract on August 29, 2012.  (*Id*.)

Petitioner filed the instant habeas petition on August 10, 2012.  (Doc. 1.)  In the petition he claims that the BOP is "acting with authority of an article III judge" in its collection of his restitution and that its "use of policy statement 5380.08 . . . is in violation of 18 U.S.C. § 3664(f)(2)."  (*Id*. at 4.)  In support of his claim, Petitioner contends that "the fixing of restitution payment is a judicial act that may not be delegated and the plain language of 18 U.S.C. § 3664(F)(2) [sic] contradicts and thus overrides the federal regulation permitting the BOP to make payment schedules for restitution through 28 CFR 545.10."  (*Id*. at 5, 8) (citing *United States v. Corley*, 500 F.3d 210 (3d Cir. 2007); *United States v. Coates*, 178 F.3d

3

681 (3d Cir. 1999)). As relief, Petitioner requests that this court direct the BOP "to return the money illegally collected and to be removed from [IFRP financial] contract entered into under duress." (*Id*. at 8.)

## II. Discussion

In civil cases, venue may be changed pursuant to 28 U.S.C. § 1404(a), which provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Venue for a habeas corpus petition may be transferred under § 1404(a) to a forum where the material events occurred and where the records and witnesses are located. *Smart v. Goord*, 21 F. Supp 2d 309, 313 (S.D.N.Y. 1998); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).

In the instant action, Petitioner is asserting that the BOP lacks the authority to collect restitution payments from him under the IFRP and rather it is the sentencing court that has the authority to fix the terms and conditions for collecting the restitution. (Doc. 1.) In this case, the sentencing court is located in the Eastern District of Pennsylvania. As Respondent points out, the sentencing

court has knowledge as to: "(1) [Petitioner's] resources at the time the Court imposed sentence; (2) whether the Court found [Petitioner] could make immediate restitution; and (3) the terms it imposed regarding payment of the restitution during [Petitioner's] incarceration." (Doc. 6 at 12.)  Respondent also notes that the probation department, which may have prepared any presentence report, the prosecuting office and its files, and any witnesses, are all located in the sentencing court's jurisdiction, the Eastern District of Pennsylvania.  Based on these considerations, the court finds that a change of venue is warranted.  When venue is improper, as in this matter, a court may transfer the matter to the district court "in which it could have been brought." 28 U.S.C. § 1406(a).

    An appropriate order will issue.


                                          <u>UlU{ nxkc"J 0Tco dq</u>
                                          United States District Judge


Dated: September"39. 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SQ'EEDU MASSAQUOI,** | : | **CIVIL NO. 1:11-CV-01563** |
| Petitioner | : | (**Judge Rambo**) |
| v. | : | |
| **JEFFREY THOMAS,** | : | |
| Respondent | : | |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The Clerk of Court is directed to transfer this matter to the United States District Court for the Eastern District of Pennsylvania.

3) The Clerk of Court is directed to **CLOSE** this case.

S/Sylvia H. Rambo
United States District Judge

Dated: September 17, 2012.