IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SA'EEDU MASSAQUOI, | : | CIVIL NO. 1:12-CV-01563 |
| Petitioner | : | (Judge Rambo) |
| v. | : | |
| JEFFREY THOMAS, | : | |
| Respondent | : | |

## **M E M O R A N D U M**

Before the court is Petitioner Sa'eedu Massaquoi's motion for reconsideration (Doc. 8) of the court's memorandum and order dated September 17, 2012 (Doc. 7), which transferred the above-captioned matter to the United States District Court for the Eastern District of Pennsylvania. For the following reasons, the instant motion (Doc. 8) will be denied.

## I. **Background**

In September, 2000, Petitioner was sentenced to a term of imprisonment by the United States District Court for the Eastern District of Pennsylvania ("Sentencing Court"). Petitioner initiated this matter with the filing of a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) In his petition, Petitioner claimed that the Bureau of Prisons ("BOP") lacked authority, through its Inmate Financial Responsibility Program ("IFRP"), to set a payment schedule for restitution ordered by the Sentencing Court. Specifically, Petitioner claimed that the BOP was "acting with authority of an article III judge" in the

collection of court-ordered restitution, and that the BOP's "use of policy statement 5380.08 . . . is in violation of 18 U.S.C. § 3664(f)(2)." (*Id*. at 4.) The Petition requested that this court direct the BOP "to return the money illegally collected and to be removed from [the IFRP financial] contract [which he had] entered into under duress." (*Id*. at 8.)

In his response to the petition, Respondent asserted that, upon investigation into the allegations set forth in the petition, prison officials discovered that the BOP had erred in its determination that the Sentencing Court had ordered Petitioner's restitution payments be due "immediately" without taking into account a special instruction regarding the payment of the criminal penalties imposed by the Sentencing Court. (Doc. 6 at 4.) According to Respondent, Petitioner had a history of appropriately and consistently complying with the BOP's IFRP program since January 7, 2010. (Doc. 6-1 at 3 ¶ 6.) In April, 2012, Petitioner was presented with an "Inmate Financial Plan," which required a quarterly payment of $35.00. (*Id*.) Petitioner agreed to this plan and signed the corresponding contract on April 10, 2012. (*Id*.) However, following the prison officials' discovery that the quarterly payment failed to contemplate the Sentencing Court's special instruction, Petitioner was presented with a revised IFRP contract, with a revised quarterly payment amount of $104.00. (*Id*. ¶ 7.) Petitioner refused to sign the revised contract on August 29, 2012. (*Id*.)

On September 17, 2012, the court issued a memorandum and order which

transferred this matter to the United States District Court for the Eastern District of Pennsylvania. (Doc. 7.) In deciding to transfer the matter, the court noted that Petitioner was arguing that it is the Sentencing Court, rather than the BOP, that has the authority to fix the terms and conditions for collecting the restitution. Further, as compared to this court, the Sentencing Court was in a better position to assess: (1) Petitioner's resources at the time the Sentencing Court imposed its sentence; (2) whether the Sentencing Court found that Petitioner could make immediate restitution at the time the sentence was imposed; and (3) the specific terms imposed regarding payment of the restitution during Petitioner's incarceration. (Doc. 6 at 12.) Moreover, Respondent noted that the probation department, the prosecuting office, and any witnesses, are all located within the Sentencing Court's jurisdiction. Based on these considerations, and pursuant to 28 U.S.C. § 1406(a), the court found that a change of venue was warranted, and transferred the matter to the Eastern District of Pennsylvania. (Doc. 7.)

Petitioner filed the instant motion for reconsideration on October 15, 2012. (Doc. 8.) In his motion, Petitioner makes the following two requests: (1) "Petitioner ask[s] this court to correct it's [sic] background to prevent manifest injustice because respondent did not acknowledge it's [sic] illegal actions until after this court ordered a response of why writ of habeas corpus should not be granted"; and (2) "Petitioner also ask[s] this court to acknowledge objections filed against writ of habeas corpus being transferred so as not to have it appear

3

objections were waived or Petitioner conceded to respondent[']s request to transfer writ of habeas corpus." (*Id.* at 2.) Respondent has not filed a response to this motion, and because the time for responding has passed, the motion is now ripe for disposition. After careful review, the court will deny the motion for reconsideration.

## II. <u>Discussion</u>

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v.*

*Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citation omitted). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 1:05-CV-1148, 2006 WL 529044, *2 (M.D. Pa. Mar. 3, 2006). Lastly, reconsideration of judgment is an extraordinary remedy, and such a motion should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Applying the foregoing standard, the court concludes that Plaintiff has not demonstrated entitlement to reconsideration of the court's order transferring the matter to the United States District Court for the Eastern District of Pennsylvania. With respect to Petitioner's first request to "correct the background" of this case set forth in its September 17, 2012 memorandum, Petitioner appears to be asking the court to include in the background of the memorandum the fact that he refused to enter a new inmate financial plan contract on August 29, 2012, because he had already filed his habeas petition in this court. (Doc. 8 at 2.) This fact does not constitute new evidence that was unavailable when the court determined that the matter should be transferred to the sentencing court in the Eastern District of Pennsylvania. Nor will adding this information prevent manifest injustice. Further, the court finds no intervening change in controlling law and no error of law or fact with respect to the court's background set forth in its September 17, 2012 memorandum. The court will not consider Petitioner's second request,

5

namely that the court "acknowledge" any objections Petitioner may have had to Respondent's response to the habeas petition so as to recognize that Petitioner was not conceding to Respondent's request for a transfer, new evidence that was unavailable when the court determined that the matter should be transferred to the Eastern District of Pennsylvania. Further, acknowledging Petitioner's objections to Respondent's request for a transfer of this matter does not constitute an intervening change in controlling law or an error of law or fact. While it appears that Petitioner disagrees with the findings and outcome, the court finds no basis to reconsider the earlier decision. Accordingly, the motion for reconsideration will be denied.

An appropriate order will issue.

       s/Sylvia H. Rambo
       United States District Judge

Dated: January 18, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SA'EEDU MASSAQUOI, : CIVIL NO. 1:12-CV-01563
:
    **Petitioner** : **(Judge Rambo)**
:
v. :
:
JEFFREY THOMAS, :
:
    **Respondent** :

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. 8) is **DENIED**.

                                                          s/Sylvia H. Rambo
                                                        United States District Judge

Dated: January 18, 2013.